## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Sovran Bank, N.A.

v.

James H. Salmons, Jr., et al.

July 29, 1986

Case No. (Law) 86-LA-1021

By JUDGE ALAN E. ROSENBLATT

The issue presented by this motion to quash attachment is whether pledged stock can be attached. Defendant Salmons pledged stock of Eastern Shore Grain Corporation to co-defendants as security for a loan of money. Plaintiff Bank issued an attachment against the stock which is held by co-defendants. Co-defendants claim that because the stock was pledged to them before the attachment issued, it cannot be attached.

It is conceded by both sides that stock can be attached pursuant to Section 8.01-557, Code of Virginia.

Under the statutes, however, stock cannot be attached if the debtor does not have power over it or if he does not have such an interest in it as to permit him to dispose of it adversely to others. The attachment in this case, therefore, should be quashed if the act of pledging the stock to co-defendants divested Salmons of an interest in it.

Although the briefs contained a great deal of "testimony" regarding the actual value of the stock, this is not the stage at which such an inquiry is appropriate. On a motion to quash it is not necessary to determine the value of the stock and the amount of Salmons' indebtedness.

Despite the pledge, Salmons had at least two identifiable interests in the stock: (1) an equitable interest in the amount by which the stock value exceeded the debt, and (2) an absolute right to discharge the bank's lien upon payment of the debt. *U.S. Industries, Inc. v. Gregg*, 540 F.2d 142 (3rd Cir. 1976). Either of these interests is sufficient to give the Bank the right to attach the stock.

Accordingly, the motion to quash the attachment is denied.